**Antoine ABDEL–SATER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–92–00243–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1993.

George McCall Secrest, Jr., Houston, for appellant.

Rikke Burke, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant entered a plea of not guilty before the jury to the offense of possession with intent to deliver a controlled substance, namely cocaine, weighing more than 400 grams. TEX.HEALTH & SAFETY CODE ANN. § 481.112. He was convicted and the jury assessed punishment at imprisonment for 80 years.

Appellant argues the trial court erred by not permitting appellant to disclose the terms of plea negotiations; by not requiring the State to disclose the identity of a confidential informant; by failing to charge the jury on a lesser included offense; and by refusing to instruct the jury that mere presence at the scene of a crime is insufficient to support a conviction for possession with intent to deliver. Appellant also argues that the evidence is insufficient. We affirm.

On April 3, 1990, pursuant to a search warrant, officers from the Harris County Sheriff's Department and the Houston Police Department searched appellant's apartment. The officers obtained the warrant based upon information received from a confidential informant who had proven reliable and credible in the past. The officers found evidence that appellant leased the apartment and also found drug paraphernalia; $16,500.00 in cash; three bags containing 9.6 grams of 88.6% pure cocaine; and one kilogram of 84.2% pure cocaine. After obtaining an arrest warrant, the officers arrested appellant the following day.

On April 9, 1990, appellant and his attorney met with an assistant district attorney to discuss appellant becoming an infor-

mant. Appellant agreed to provide the State with enough information to indict three individuals for possession or delivery of more than 400 grams of cocaine. The State agreed that if appellant would supply the information within 60 days, and if appellant did not break any state or federal laws, the State would recommend appellant receive deferred adjudication. Appellant and the assistant district attorney signed the plea agreement. Appellant's bond was reduced, and he was released from jail that day. The record is silent as to why the plea agreement was not consummated.

In his first point of error, appellant argues the trial court erred by not allowing appellant to disclose to the jury the terms of the plea agreement. Officer Hill testified that the day after the plea agreement was signed, he received a phone call from appellant. Appellant told Officer Hill that in searching appellant's apartment, the officers had "missed some stuff." Appellant laughed and said "Well, I've got—you missed three ounces." An hour later, appellant met Officer Hill and gave him three packages of cocaine totalling 81.0 grams. Appellant was not charged with possession of this additional contraband.

The plea agreement prohibited appellant from violating any state or federal laws. Appellant argues that in scrupulously following this requirement, appellant was prejudiced when the State elicited testimony from Officer Hill about appellant's phone call and subsequent act of delivering the 81.0 grams of cocaine to Officer Hill. Appellant argues he should have been allowed to disclose the plea negotiations and the circumstances surrounding his statement and actions.

Generally, statements made in the course of plea discussions are inadmissible. The exception to this general rule applies only when another statement made in the course of plea discussions already has been admitted. TEX.R.CRIM.EVID. 410.

> Except as otherwise provided in this rule, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> \* \* \* \* \* \*
>
> (3) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or a plea of nolo contendere or which result in a plea of guilty or a plea of nolo contendere is later withdrawn. However, such a statement is admissible in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it.

TEX.R.CRIM.EVID. 410.

Appellant entered into plea negotiations with the State. Both appellant and the assistant district attorney signed the plea agreement. While the terms of the contract provided that the agreement was to be effective for 60 days after the initiation date, the negotiations and plea discussions ended when the contract was signed. Appellant's statement and delivery of the cocaine to Officer Hill, the day after the plea agreement was signed, was not part of the original plea negotiations. Because the statement was not part of the plea discussions, the trial court did not abuse its discretion in not allowing appellant to disclose the terms of the plea negotiations to the jury. We overrule appellant's first point of error.

In his second and third points of error, appellant claims the trial court erred by not requiring the State to disclose the identity of the confidential informant, and by refusing to have an *in camera* hearing to determine whether the informant's testimony would be admissible.

An informant's identity should be revealed when the testimony of the informant is necessary to a fair determination of the issues of guilt or innocence of the accused. TEX.R.CRIM.EVID. 508(c)(2); *Bodin v. State*, 807 S.W.2d 313, 317–18 (Tex. Crim.App.1991). Before revealing the informant's identity, the informer's potential testimony must significantly aid appellant,

and mere conjecture or supposition about possible relevance is insufficient. Appellant has the burden of demonstrating that the informant's identity must be disclosed. Appellant must make a plausible showing of how the informer's information may be important. This court must consider all of the circumstances of the case to determine if the trial court erred by not requiring the State to disclose the informer's identity. *Edwards v. State,* 813 S.W.2d 572, 580 (Tex.App.–Dallas 1991, pet. ref'd).

Appellant was charged with possession with intent to deliver over 400 grams of cocaine. Appellant acknowledges that the kilogram of cocaine had been secreted in the pant's leg of a pair of blue jeans found in the utility room in his apartment. Appellant argues, however, that the confidential informant was the only witness who could testify that appellant possessed the kilogram of cocaine with the intent to deliver it.

At the hearing on appellant's motion to disclose the informant's identity, Officer Hill testified that he used the information from the informant to obtain the search warrant, and that the informant had been working on this particular case with Officer Hill for three to four weeks.

Officer Hill stated in his affidavit supporting the warrant that "the informant told me that the informant was inside this apartment within the past 24 hours and that while inside this apartment, the informant saw a large number of small, clear, plastic baggies containing cocaine in the kitchen area. The informant also saw a brick of cocaine wrapped in brown paper in this kitchen also. The informant, who had seen cocaine on many occasions in the past, stated that this substance was in fact cocaine. The informant also stated that [appellant] said that the substance was cocaine and that it was for sale."

Appellant argued that the informant's identity was warranted because the informant was a material witness as to whether appellant *knowingly* committed the act charged. Appellant also argued that the informant's credibility was a material issue in determining the basis and legality of the State's search and seizure.

In his motions to require disclosure of the identity of the informant, appellant requested the following information: the informer's name or address; the informer's prior cooperation; the name and address of the informer's supervisor; the reason the informer became an informant; the informer's prior arrests and conviction record; all statements and memoranda of interviews; the method of payment and amount of payment; and promises and inducements made to the informer by government representatives.

The informant was not present when the warrant was executed and there is nothing in the record to indicate that the informant participated in the offense for which appellant was arrested, charged, and convicted. The informant's testimony was not essential to a fair determination of the issues of appellant's guilt or innocence; therefore, an *in camera* hearing was not required to determine whether the informant's identity would be admissible. We overrule appellant's second and third points of error.

■ In his fourth point of error, appellant argues that the trial court erred by failing to charge the jury on the lesser included offense of possession of more than 28 grams but less than 200 grams of cocaine.

■ This court must apply a two-prong test to determine if an instruction on a lesser included offense was required. First, the lesser offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence that if appellant is guilty, he is guilty only of the lesser offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim. App.1985).[1]

---

1. The Court of Criminal Appeals has recently modified the second-prong of this test noting that it was not the court's intention to change the substantive test, but only to interpret and clarify existing law. The second prong of the test requires that "some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau v. State,*

Three separate quantities of cocaine were introduced into evidence: 9.6 grams seized from a sports coat found inside the walk-in closet of appellant's master bedroom; 81 grams that appellant gave Officer Hill the day after appellant was released from jail; and one kilogram of cocaine hidden in a pair of blue jeans found hanging on the utility room door of appellant's apartment.

Appellant concedes that the State linked him to the 9.6 grams and 81 grams of cocaine. Appellant argues that the State failed to link him to the kilogram of cocaine. Because of the State's alleged failure to link appellant to the kilogram of cocaine, appellant contends that the jury could have found that appellant did not possess the kilogram of cocaine; therefore, the jury should have been instructed on the lesser included offense.

Appellant was never charged with possession of the 81 grams of cocaine. He was on trial for possession of the 9.6 grams found in the sports coat and the kilogram found in the blue jeans. If the jury had found that appellant did not possess the kilogram, appellant would have been found guilty of possession of only 9.6 grams of cocaine.

Appellant requested a charge on the lesser included offense of possession of cocaine *weighing more than 28 grams and less than 200 grams.* The evidence does not indicate that appellant is guilty of that offense. We overrule appellant fourth point of error.

■ In his fifth point of error, appellant argues the evidence is insufficient, as a matter of law, to support his conviction. In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict, and must determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; *Jackson v. State,* 672 S.W.2d 801 (Tex. Crim.App.1984). The standard of review is

the same regardless of whether the case involves direct or circumstantial evidence. *Jackson,* 672 S.W.2d at 803.

■ To prove unlawful possession of a controlled substance, the State must show that appellant exercised care, control, and management over the contraband; and that appellant knew that what he possessed was contraband. *Humason v. State,* 728 S.W.2d 363, 364 (Tex.Crim.App.1987). Appellant argues that although the evidence was sufficient to link appellant to the apartment that was searched, the State did not prove that the apartment was exclusively or solely used or accessed only by appellant.

■ If the State does not show that appellant was in exclusive possession of the place where the contraband was found, it can not be concluded that appellant had knowledge of or control over the contraband unless there are additional independent facts and circumstances that affirmatively link appellant to the contraband. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986). The facts and circumstances must create a reasonable inference that appellant knew of the controlled substance's existence and exercised control over it. *Dickey v. State,* 693 S.W.2d 386, 389 (Tex.Crim.App.1984). This court must determine if appellant was in exclusive possession of the apartment and if he was not, if the State established independent facts and circumstances to affirmatively link appellant to the kilogram of cocaine.

The record reveals that when police officers entered the apartment, they found a note pad on which appellant had written "To whom it may concern. My name is Antoine Abdel–Sater. Upon moving into my new place at . . . I realize a lot of things that has [sic] not been done like. . . ." In the master bedroom, the police found several receipts, cashier's checks and a checkbook bearing appellant's name and address. The lessor of the apartment testified that appellant was the lessee and the lessor was not aware of anyone else occupying the apartment. Two police officers testified

— S.W.2d —— (Tex.Crim.App., No. 70910, delivered February 24, 1993).

that the second bedroom was unoccupied. The bed did not have sheets on it, and dirty clothes were scattered around as though the bedroom was used as a laundry room.

Appellant maintains that the State only connected appellant to the apartment, and failed to connect appellant to the kilogram of cocaine found in blue jeans hanging up in the utility room, a common area of the apartment. An independent fact, indicating appellant's knowledge and control of the contraband, exists if the contraband was in close proximity to appellant and readily accessible to him. Also, an independent fact exists if the amount of contraband found is large enough to indicate that appellant knew of its presence. *Hill v. State*, 755 S.W.2d 197, 120 (Tex.App.—Houston [14th Dist.] 1988, writ ref'd). If the amount of money found in appellant's possession is more than would normally be carried by an individual, it might be indicative of dealing in narcotics. *Oaks v. State*, 642 S.W.2d 174, 178 (Tex.Crim.App.1982).

The kilogram of cocaine was found in the apartment leased to appellant. Officer Riddle testified that a kilogram of cocaine is worth $100,000 on the street. Officer Riddle also testified that he found $16,500 in the pocket of a coat hanging in appellant's closet. This was the same pocket in which Officer Riddle discovered 9.6 grams of cocaine.

The State proved appellant exercised care, control, and management over the contraband and that appellant knew that what he possessed was contraband. The State also established independent facts and circumstances to affirmatively link appellant to the kilogram of cocaine.

We find after viewing the facts in this case, that a rational juror could have believed appellant possessed 400 grams or more of cocaine with the intent to distribute. We overrule appellant's fifth point of error.

In his sixth point of error, appellant asserts the trial court erred by refusing to instruct the jury that mere presence at the scene of a crime is insufficient to support a conviction for possession with the intent to deliver. Appellant argues that merely because he was connected to the premises searched and was present as an occupant of those premises, does not, in itself, establish knowledge and control over the contraband in question.

Appellant requested that the jury charge "include language that it is not enough for the State to show that [appellant] was merely present in the vicinity of the controlled substance." The trial court properly refused appellant's request because such an instruction would have constituted a comment on the weight of the evidence. *Bass v. State*, 830 S.W.2d 142, 147–48 (Tex. App.–Houston [14th Dist.] 1992, no pet.). We overrule appellant's sixth point of error.

Accordingly, we affirm the judgment of the trial court.