NO 

NO. 07-99-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 9, 2000

_______________________________

WILLIE BRANTLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428,555; HONORABLE J. BLAIR CHERRY, JR., JUDGE

________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Willie Brantley was convicted by a jury of possession of a controlled substance with intent to deliver, enhanced, and punishment was assessed at twenty years confinement.  By one issue, appellant challenges the legal sufficiency of the evidence.  Based on the rationale expressed herein, we affirm the judgment of the trial court.

The underlying facts of appellant’s offense are not in dispute and need only be briefly mentioned.  Appellant was charged by indictment with the offense of intentionally and knowingly possessing, with intent to deliver, a controlled substance, namely cocaine, by aggregate weight of less than two hundred grams, but at least four grams.  Appellant’s conviction came about as a result of a Lubbock police investigation whereby the police used an informant to make a drug purchase at appellant’s home.  

Appellant's sole contention is that the evidence was insufficient to prove each element of the offense beyond a reasonable doubt, namely, that she did not possess at least four grams of cocaine.
(footnote: 1)  We disagree.  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2000); Tex. Pen. Code Ann. § 2.01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991).  

The standard is the same for both direct and circumstantial evidence.  Sutherlin v. State, 682 S.W.2d 546, 549 (Tex.Cr.App. 1984).  The legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge that is authorized by the indictment.  Malik v. State, 953 S.W.2d 234, 239 (Tex.Cr.App. 1997).  This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective.  Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before determining whether the evidence is legally sufficient to sustain the conviction, we first review the essential elements the State was required to prove.  "A person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance. . . ."  Tex. Health & Safety Code Ann. § 481.112 (Vernon Supp. 2000).

To prove unlawful possession of a controlled substance, the State must show appellant exercised care, control or management over the contraband and the State must also show appellant knew the substance was a controlled substance.  Humason v. State, 728 S.W.2d 363, 365-66 (Tex.Cr.App. 1987).  Appellant's mere presence at a place where narcotics are found is not sufficient to convict her of possession in the absence of other evidence.  Moss v. State, 850 S.W.2d 788 (Tex.App.—Houston [14
th 
Dist.] 1993, pet. ref’d).  When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband.  Brown v. State, 911 S.W.2d 744, 748 (Tex.Cr.App. 1995); 
Humason
, 728 S.W.2d at 366.  The State can meet this burden by introducing facts and circumstances that indicate appellant's knowledge and control of the controlled substance.  These facts and circumstances must create a reasonable inference that appellant knew of the controlled substance's existence and exercised control over it.  Dickey v. State, 693 S.W.2d 386, 389 (Tex.Cr.App. 1984).  Possession cases in which the evidence is sufficient to support a conviction affirmatively connect the appellant to the contraband by evidence that amounts to more than mere conjecture.  
Id
.  This court must determine if the State established independent facts and circumstances to affirmatively link appellant to the cocaine.

Here, the record shows the following affirmative links:  1) appellant was present at the residence when the drugs were found; 2) there were other drugs and drug paraphernalia at the residence; 3) appellant resided at the house;
(footnote: 2) 4) crack cocaine was found in a pair of jeans in appellant’s room; 5) other cocaine was found under the carpet in appellant’s room; 6) appellant had access to all of the places where drugs were found; and 7) appellant had large amounts of cash in her room, including a twenty dollar bill that had been used by the undercover informant to purchase drugs two days earlier.  While each of these links by themselves may not be sufficient to independently establish appellant’s guilt, when considered together, a rational trier of fact could have reasonably inferred from these links the necessary elements of possession with intent to deliver.  

A rational trier of fact could have found the essential elements of possession of cocaine beyond a reasonable doubt and these are sufficient facts and circumstances to link appellant to the contraband found in the house.  Viewing the facts in the light most favorable to the verdict and without substituting our judgment for that of the jury’s, we find that the evidence is legally sufficient to sustain appellant's conviction.  We overrule appellant's sole point of error.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

 

Do not publish.

FOOTNOTES
1:
Appellant’s sole issue challenges the legal sufficiency of the evidence (not the factual sufficiency) because she challenges only the essential elements of the offense with which she was charged.  Metoyer v. State 860 S.W.2d 673 (Tex.App.—Ft. Worth 1993, pet. ref’d).

2:
Evidence indicating that appellant resided at the house is sufficient to link appellant to the cocaine found in the common areas of the house.  Abdel-Sater v. State, 852 S.W.2d 671, 675 (Tex.App.—Houston [14 Dist.] 1993, pet. ref’d).