Affirmed and Memorandum Opinion filed July 31, 2003















Affirmed and
Memorandum Opinion filed July 31, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00647-CR

____________

 

ANDRE NIGEL BENNETT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________

 

On Appeal from
the 184th District Court

Harris County, Texas

Trial Court
Cause No. 858,134

 

__________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant was convicted by a jury of
possession of a controlled substance, namely phencyclidine, with intent to
deliver.  Appellant then pled true to an
enhancement allegation and was sentenced by the trial court to 12 years’
confinement.  In two points of error, he
challenges the legal and factual sufficiency of the evidence to support of his
conviction.  We affirm.




 








I.  Factual Background

            On October 11, 2000, Houston Police Department
undercover narcotics officer Darren Fuller was observing a house known to the
police for trafficking narcotics.  While
conducting surveillance, Fuller saw appellant arrive at the house in a blue
Chevy Lumina and park in a nearby driveway. 
Appellant walked to a heavily wooded area about twenty feet from
Fuller’s position, removed a small plastic bag from his pocket and placed it in
a “V” shaped section of a tree.  Based on
his extensive experience in narcotics investigation, Fuller immediately
recognized the contents of the bag as vials of phencyclidine.  A car entered the driveway and after talking
with the driver, appellant walked to the tree, removed an item from the bag and
returned to the car.  Based on what he believed
to be a hand-to-hand transaction between the driver
and appellant, Fuller believed appellant had sold the phencyclidine to the
driver of the vehicle.

            Fuller called two backup officers to
the scene who arrested appellant and the occupants of the house.  After a cursory search, Fuller could not find
the phencyclidine in the wooded area and radioed Officer Gary Doyle, who
arrived at the scene with his narcotics sniffing canine to search for the bag.  The canine found the bag with vials of
phencyclidine in the tree, hidden from plain view with a clump of moss.  Fuller identified the bag, found by the
canine, as being the one appellant placed in the tree.  A chemist with the Houston Police
Department’s Crime Lab, analyzed the substance and testified the vials found
within the bag contained approximately 3.8 grams of phencyclidine.  No fingerprints were found on the bag or
vials.  Appellant did not testify at
trial.

            Appellant had a prior conviction of
possession of a controlled substance, to which he pleaded true.  The jury convicted appellant and the trial
court imposed a sentence of twelve years’ confinement.  This appeal ensued.




 

II. 
Standard of Review

            In his first and second points of
error, appellant contends the evidence is legally and factually insufficient to
support his conviction.  When an
appellant challenges both the legal and factual sufficiency of the evidence,
the reviewing court addresses the legal sufficiency challenge first because an
affirmative finding on that issue will result in rendition of a judgment of
acquittal, while a finding of factual insufficiency warrants a remand for a new
trial.  Nickerson v. State, 69 S .W.3d 661, 668
(Tex. App.—Waco 2002, pet. ref’d).  

            In conducting a legal sufficiency
review, an appellate court must view the evidence in the light most favorable
to the prosecution and determine if any rational fact finder could have found
the crime’s essential elements to have been proven beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319
(1979).  The reviewing court will examine
the entire body of evidence; if any evidence establishes guilt beyond a
reasonable doubt, and the fact finder believes that evidence, the appellate
court may not reverse the fact finder’s verdict on grounds of legal insufficiency.  See id.
 

            In reviewing for factual
sufficiency, an appellate court will examine all the evidence without the prism
of “in the light most favorable to the prosecution” and will set aside the fact
finder’s verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  However, an appellate court conducting a
factual sufficiency review must be appropriately deferential so as to avoid
substituting its own judgment for that of the fact finder.  Id. at 133.  Accordingly, we are only authorized to set
aside findings of fact in instances where it is manifestly unjust, shocks the
conscience, or clearly demonstrates bias. 
Id. at 135.

III. 
Analysis

            A person commits the subject offense
if he intentionally or knowingly possesses, with the intent to deliver,
phencyclidine in an amount weighing one gram or more but less than four grams
by aggregate weight, including any adulterants or dilutants.  Tex. Health & Safety Code §
481.102(8), 481.112(a), (c).  We begin by addressing the issue of unlawful
possession.  To prove unlawful possession
of a controlled substance, the State must show that appellant exercised care,
control, and management over the contraband; and that appellant knew that what
he possessed was contraband.  Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995); Linton v. State, 15 S.W.3d 615, 618 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  The evidence used to establish these elements
can be direct or circumstantial.  Brown, 911 S.W.2d at
747.  Whether direct or
circumstantial evidence is used, the State must establish that the accused’s connection with the substance was more than just
fortuitous.  Id.  However,
when the contraband is not found on the accused’s
person or in the exclusive possession of the accused, additional facts must
affirmatively link the accused to the contraband.  McMillon v. State, 940 S.W.2d 767, 768–69 (Tex.
App.—Houston [14th Dist.] 1997, pet. ref’d).  The facts and circumstances of a case must
create a reasonable inference that appellant knew of the controlled substance’s
existence and exercised control over it. 
See Dickey v. State, 693 S.W.2d 386, 389 (Tex. Crim.
App. 1984).

            Fuller testified that he was
conducting surveillance on the target house when he witnessed appellant place
the bag in a tree, approach the driver of a vehicle, return to the tree to
retrieve an object, and then engage in what Fuller believed to be a
hand-to-hand narcotics transaction.  Upon
the arrival of the canine officer and drug-sniffing canine, Fuller “took them
to the tree . . . and immediately [the canine] alerted to that tree.”  The officers discovered that the
phencyclidine was covered with moss, suggesting appellant’s intent to conceal
the substance, knowing it was illegal contraband.  At no point during the initial surveillance
or the subsequent execution of the arrest and search did the officers observe
anyone other than appellant near the tree in question.  Although at one point Fuller admitted to
having lost sight of the baggie after appellant placed it in the tree, he
testified that the baggie recovered from the tree was the same as that which he
saw in the hands of appellant.  In sum,
Fuller’s testimony as to appellant’s close proximity to the phencyclidine and
the fact that the substance was readily accessible to him is indicative of
appellant’s knowledge and control over the contraband.  See Abdel-Sater v. State, 852 S.W.2d 671,
676 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).  As described, Fuller’s testimony was
sufficient to create a reasonable inference that appellant knew of the phencyclidine ’s existence and exercised control over
it.  See
Abdel-Sater, 852 S.W.2d at 675.  Under the circumstances, we cannot say that
the evidence establishing that appellant possessed the contraband is legally or
factually insufficient.

            We now turn to the legal and factual
sufficiency of the evidence establishing that appellant intended to deliver the
narcotics.  Under the applicable statute,
to “deliver” means to transfer, actually or constructively, to another a
controlled substance, counterfeit substance, or drug paraphernalia, regardless
of whether there is an agency relationship.  Tex. Health & Safety
Code § 481.002(8).  The term includes offering to sell a
controlled substance, counterfeit substance, or drug paraphernalia.  Id.

            The record contends direct evidence
of appellant’s delivery.  Fuller
testified he observed appellant take something from the baggie, from its place
in the tree, and give it to the driver of the vehicle.  Illegal contraband was later discovered in
the tree.  Based on his experience as a
narcotics officer, Fuller believed that a hand-to-hand drug transaction had
occurred.  In addition to Fuller’s observations,
circumstantial evidence of delivery also exists.  An intent to deliver
a controlled substance may be proved by circumstantial evidence.  Williams v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d.).  Factors courts have considered include: (1)
the nature of the location at which the defendant was arrested; (2) the
quantity of controlled substance in the defendant’s possession; (3) the manner
of packaging; (4) the presence of drug paraphernalia (for either drug use or sale);
(5) the defendant’s possession of large amounts of cash; and (6) the
defendant’s status as a drug user.  Id.  In the case at bar, Fuller was conducting
surveillance at a residence where he had already observed significant narcotics
activity.  The phencyclidine was packaged
in multiple vials, a manner of packaging which suggests an
intent to deliver.  Considering
this evidence in conjunction with Fuller’s observations, we cannot say that the
evidence is legally or factually insufficient to establish the delivery of the
narcotics.

 class=Section3>

            Nevertheless, appellant alerts this
court to conflicting testimony between the witnesses of the State and his own
witnesses.  While Fuller testified that
he observed appellant possess, hide, and then deliver what appeared to be
phencyclidine to a third party, appellant’s witnesses recounted the events of
the day in question differently.  Deaundre Augbon testified that
appellant immediately began to play basketball with him after arriving at the
scene and that appellant never ventured near the tree in question.  Sedrick Fields, who
was arrested for purchasing the phencyclidine from appellant, testified he
purchased the contraband from another individual.  Donald Simpson testified that another
individual sold the phencyclidine to Fields and that appellant was nowhere near
the tree where the phencyclidine  was later discovered.  Derrick Blount testified that he also did not
see appellant near the tree.  However,
the jury is the exclusive judge of the credibility of witnesses and of the
weight to be given their testimony.  Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996).  The jury is free to evaluate the witnesses’
testimony and disbelieve any of it.  Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).  Thus, they could have believed the testimony
of Fuller and disbelieved the witnesses who testified on behalf of appellant.

V.  Conclusion

            Based on the foregoing evidence, we
find the evidence legally and factually sufficient to support the
conviction.  From it, a rational trier of fact could conclude that the offense was proven
beyond a reasonable doubt.  Further, the
fact finder’s decision is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Accordingly, appellant’s points of error are
overruled.

            For the foregoing reasons, the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 31, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).