NO. 07-04-0228-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 10, 2005

_____

KEITH RUSSELL MAY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 14,187-B; HON. JOHN BOARD, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

This appeal presents the question whether, during a hearing on a motion to revoke probation and adjudicate guilt, the trial court reversibly erred in allowing certain testimony concerning statements made by appellant Keith Russell May during an earlier plea bargain conference which resulted in appellant being granted probation and deferred guilt adjudication. We hold the trial court did not err and affirm its judgment adjudicating guilt

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

and sentencing appellant to ten years confinement in the Institutional Division of the Department of Criminal Justice.

The record underlying this appeal reveals that appellant had originally pled guilty to an indictment charging him with sexual assault (originally aggravated sexual assault) and, as a result of the plea bargain, was granted deferred adjudication for a period of ten years and a fine of $500. Subsequent to that grant, the State filed a motion to adjudicate guilt, alleging appellant had consumed controlled substances during his probationary period.

The nature of appellant's challenge requires us to review the factual background of this proceeding in some detail. On November 25, 2003, a hearing was held on the motion to revoke probation and to adjudicate guilt. At that hearing, appellant entered a non-negotiated plea of true to the allegations. The trial court accepted the plea and proceeded to hear evidence that might be tendered to determine the punishment to be assessed. At that time, the State elected not to present evidence.

Appellant called Jim Coventry to testify on his behalf. Coventry, a licensed psychotherapist in Amarillo, had been seeing appellant for about a year and during that period had conducted approximately 24 one-hour sessions with appellant. Coventry described appellant as a depressed individual with "fairly longstanding" chemical dependency issues. Coventry said he was not particularly surprised that appellant had violated the terms of his probation in the manner he did because after appellant had graduated from college, he lost what little support system he had. Inasmuch as such a support system was essential for appellant to maintain sobriety and deal with his mental health issues, the absence of such a support system concerned Coventry. Even so, Coventry believed that appellant's two stints at an out-of-state rehabilitation center after the

2

motion to adjudicate was filed had helped his mental state and strengthened appellant's commitment to move on from drug use. Although the witness admitted appellant was at risk to use drugs, he did not see appellant as a specific risk to again commit the sort of assault that gave rise to his prosecution. Coventry opined that the best thing for appellant if his probation was continued was to return to his hometown of Abilene where he would have the support of his family.

On cross-examination, Coventry admitted that he was aware of certain "representations" made by appellant during the plea bargain conference. He understood that these "representations" concerned the fact that the charged offense occurred while appellant was high on drugs. Coventry acknowledged that appellant continued to use illegal drugs after he was placed on the unadjudicated probation but, even so, he opined that the risk that appellant would again commit a sexual assault was a "very remote possibility." In response to a question from the court, and in explanation of his opinion that appellant was not a serious risk to again commit a sexual assault on a minor, Coventry said that he did not believe that appellant was aware that the 14-year-old minor involved in the sexual assault was a minor, nor did appellant seem to be placing himself in a position where he could seek out children.

After the trial court asked its questions, the State continued its cross-examination and asked if Coventry was aware that while appellant was on the unadjudicated probation, he had used the internet to set up a sexual tryst with more than one adult partner at a time. Coventry responded that he was not aware of that fact and, if it was true, it would cause him to have some concern about appellant's risk level.

3

Appellant then took the stand. He recounted his attendance at two rehabilitation clinics in California subsequent to the filing of the motions to adjudicate guilt. He also acknowledged that his use of the internet mimicked his addictive behavior. On cross-examination, appellant admitted he had arranged a tryst with other adult males over the internet. He also testified that during the plea bargain conference, he told Gloria Diehl, the mother of the minor child involved in the prosecution, that he had sexually assaulted her son because he was depressed and using drugs. He also admitted that he had told her during the meeting that he was "past that" and had moved on with his life.

At the conclusion of his testimony, appellant rested and both sides closed. After a recess, with the observation that he thought it would be helpful for him to hear testimony from the treatment provider or providers in the case, the trial judge announced that he was continuing the hearing until December 22, 2003, at which time he would allow both sides to present additional evidence. The hearing was later reset for January 9, 2004.

Relevant to the question before us is Diehl's testimony at the January 9 hearing. She was asked by the prosecutor if she recalled the reason for the commission of the offense given by appellant at the plea bargain negotiation meeting. Present at that meeting were the attorney for appellant, the prosecutor, appellant, and Diehl. Before Diehl could answer the question, appellant timely objected. The gist of his objection was: "But for the context in which we met with the mother of the complainant and the State's attorney, these statements would never have been made." Therefore, appellant reasons, they were inadmissible under Texas Rule of Evidence 410. After the objection was overruled, the witness testified that appellant told her that at the time of the incident, he was away from home in college, was depressed, and was "in a really bad state in his life." She also said

4

that appellant told her that he had been doing drugs, and "wasn't real sure about what his mental state was." She also recalled that appellant told her at this meeting that "he learned from his mistake . . . that he no longer used the internet . . . that he was getting alcohol and drug counseling and getting help for what he had done." She said that the purpose of the plea bargain conference was to persuade her and the prosecutor to recommend unadjudicated guilt and probation, a sentence appellant ultimately received.

At the conclusion of the January 9 hearing, the trial judge found the evidence sufficient to establish that appellant had violated the conditions of his probation, adjudicated him guilty of the offense of sexual assault, and assessed his punishment at ten years penal confinement. Appellant filed a Motion in Arrest of Judgment in which he again argued that the trial judge erred in admitting Diehl's testimony and obviously considered it. Because, he argued, the statements were *per se* prejudicial, the sentence was invalid and constituted a miscarriage of justice. The motion was overruled by operation of law. Hence, this appeal.

As we noted, appellant bottoms his appeal upon an asserted violation of Texas Rule of Evidence 410. In material part, that rule renders inadmissible "any statement made [by the defendant] in the course of plea discussions with an attorney for the prosecuting attorney. . . that do not result in a plea of guilty or a plea of *nolo contendere* or that results in a plea, later withdrawn, of guilty or *nolo contendere*." Tex. R. Evid. 410. Appellant correctly argues that the rule contemplates that fairness dictates the prosecution be permitted to offer other statements made by a defendant in order to provide context to statements by the defendant previously admitted into evidence. The gist of appellant's

5

argument is that this exception does not apply to this case and the testimony in question was *per se* inadmissible under the rule.

In support of his claim that the trial court reversibly erred, appellant primarily relies upon the decisions in *Neugebauer v. State*, 974 S.W.2d 374 (Tex. App.–Amarillo 1998, pet. ref'd) and *Abdel-Sater v. State,* 852 S.W.2d 671 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd). However, that reliance is misplaced. In *Neugebauer*, the conversation about which the State attempted to cross-examine the appellant was about whether his attorneys had told him that he was probably going to receive probation from the jury. *Neugebauer v. State*, 974 S.W.2d at 376-77. We held the State's attempt was improper because it concerned a privileged communication between attorney and client. *Id.* Moreover, if considered as referring to a conversation that took place during plea bargain negotiations, the proper predicate under Rule 410 had not been met because the State had not shown the statement occurred in the course of a successful plea negotiation and that in fairness it should be allowed to offer other statements made in the course of that negotiation. *Id.*

In *Abdel-Sater*, the statement which appellant attempted to introduce occurred after the plea agreement was made, and the court held that because "the statement was not part of the plea discussions, the trial court did not abuse its discretion in not allowing appellant to disclose the terms of the plea negotiations to the jury." *Abdel-Sater v. State,* 852 S.W.2d at 673.

Suffice it to say, by its clear terms, the Rule 410(4) provision making inadmissible statements by the defendant in the course of plea discussions only applies in cases in which those discussions did not result in a plea of guilty, a plea of *nolo contendere*, or in

situations in which one of those pleas is withdrawn.  The plea bargain discussions here were successful and the trial court did not err in admitting the testimony in question.

Accordingly, the judgment of the trial court must be, and is hereby, affirmed.


John T. Boyd
Senior Justice

Do not publish.