NO. 07-04-0228-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 10, 2005



______________________________




KEITH RUSSELL MAY, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 14,187-B; HON. JOHN BOARD, PRESIDING



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

 This appeal presents the question whether, during a hearing on a motion to revoke
probation and adjudicate guilt, the trial court reversibly erred in allowing certain testimony
concerning statements made by appellant Keith Russell May during an earlier plea bargain
conference which resulted in appellant being granted probation and deferred guilt
adjudication. We hold the trial court did not err and affirm its judgment adjudicating guilt
and sentencing appellant to ten years confinement in the Institutional Division of the
Department of Criminal Justice.

 The record underlying this appeal reveals that appellant had originally pled guilty to
an indictment charging him with sexual assault (originally aggravated sexual assault) and,
as a result of the plea bargain, was granted deferred adjudication for a period of ten years
and a fine of $500. Subsequent to that grant, the State filed a motion to adjudicate guilt,
alleging appellant had consumed controlled substances during his probationary period.

 The nature of appellant's challenge requires us to review the factual background of
this proceeding in some detail. On November 25, 2003, a hearing was held on the motion
to revoke probation and to adjudicate guilt. At that hearing, appellant entered a non-negotiated plea of true to the allegations. The trial court accepted the plea and proceeded
to hear evidence that might be tendered to determine the punishment to be assessed. At
that time, the State elected not to present evidence.

 Appellant called Jim Coventry to testify on his behalf. Coventry, a licensed
psychotherapist in Amarillo, had been seeing appellant for about a year and during that
period had conducted approximately 24 one-hour sessions with appellant. Coventry
described appellant as a depressed individual with "fairly longstanding" chemical
dependency issues. Coventry said he was not particularly surprised that appellant had
violated the terms of his probation in the manner he did because after appellant had
graduated from college, he lost what little support system he had. Inasmuch as such a
support system was essential for appellant to maintain sobriety and deal with his mental
health issues, the absence of such a support system concerned Coventry. Even so,
Coventry believed that appellant's two stints at an out-of-state rehabilitation center after the
motion to adjudicate was filed had helped his mental state and strengthened appellant's
commitment to move on from drug use. Although the witness admitted appellant was at
risk to use drugs, he did not see appellant as a specific risk to again commit the sort of
assault that gave rise to his prosecution. Coventry opined that the best thing for appellant
if his probation was continued was to return to his hometown of Abilene where he would
have the support of his family.

 On cross-examination, Coventry admitted that he was aware of certain
"representations" made by appellant during the plea bargain conference. He understood
that these "representations" concerned the fact that the charged offense occurred while
appellant was high on drugs. Coventry acknowledged that appellant continued to use
illegal drugs after he was placed on the unadjudicated probation but, even so, he opined
that the risk that appellant would again commit a sexual assault was a "very remote
possibility." In response to a question from the court, and in explanation of his opinion that
appellant was not a serious risk to again commit a sexual assault on a minor, Coventry said
that he did not believe that appellant was aware that the 14-year-old minor involved in the
sexual assault was a minor, nor did appellant seem to be placing himself in a position
where he could seek out children.

 After the trial court asked its questions, the State continued its cross-examination
and asked if Coventry was aware that while appellant was on the unadjudicated probation,
he had used the internet to set up a sexual tryst with more than one adult partner at a time. 
Coventry responded that he was not aware of that fact and, if it was true, it would cause
him to have some concern about appellant's risk level.

 Appellant then took the stand. He recounted his attendance at two rehabilitation
clinics in California subsequent to the filing of the motions to adjudicate guilt. He also
acknowledged that his use of the internet mimicked his addictive behavior. On cross-examination, appellant admitted he had arranged a tryst with other adult males over the
internet. He also testified that during the plea bargain conference, he told Gloria Diehl, the
mother of the minor child involved in the prosecution, that he had sexually assaulted her
son because he was depressed and using drugs. He also admitted that he had told her
during the meeting that he was "past that" and had moved on with his life.

 At the conclusion of his testimony, appellant rested and both sides closed. After a
recess, with the observation that he thought it would be helpful for him to hear testimony
from the treatment provider or providers in the case, the trial judge announced that he was
continuing the hearing until December 22, 2003, at which time he would allow both sides
to present additional evidence. The hearing was later reset for January 9, 2004.

 Relevant to the question before us is Diehl's testimony at the January 9 hearing. She
was asked by the prosecutor if she recalled the reason for the commission of the offense
given by appellant at the plea bargain negotiation meeting. Present at that meeting were
the attorney for appellant, the prosecutor, appellant, and Diehl. Before Diehl could answer
the question, appellant timely objected. The gist of his objection was: "But for the context
in which we met with the mother of the complainant and the State's attorney, these
statements would never have been made." Therefore, appellant reasons, they were
inadmissible under Texas Rule of Evidence 410. After the objection was overruled, the
witness testified that appellant told her that at the time of the incident, he was away from
home in college, was depressed, and was "in a really bad state in his life." She also said
that appellant told her that he had been doing drugs, and "wasn't real sure about what his
mental state was." She also recalled that appellant told her at this meeting that "he learned
from his mistake . . . that he no longer used the internet . . . that he was getting alcohol and
drug counseling and getting help for what he had done." She said that the purpose of the
plea bargain conference was to persuade her and the prosecutor to recommend
unadjudicated guilt and probation, a sentence appellant ultimately received.

 At the conclusion of the January 9 hearing, the trial judge found the evidence
sufficient to establish that appellant had violated the conditions of his probation, adjudicated
him guilty of the offense of sexual assault, and assessed his punishment at ten years penal
confinement. Appellant filed a Motion in Arrest of Judgment in which he again argued that
the trial judge erred in admitting Diehl's testimony and obviously considered it. Because,
he argued, the statements were per se prejudicial, the sentence was invalid and constituted
a miscarriage of justice. The motion was overruled by operation of law. Hence, this
appeal.

 As we noted, appellant bottoms his appeal upon an asserted violation of Texas Rule
of Evidence 410. In material part, that rule renders inadmissible "any statement made [by
the defendant] in the course of plea discussions with an attorney for the prosecuting
attorney. . . that do not result in a plea of guilty or a plea of nolo contendere or that results
in a plea, later withdrawn, of guilty or nolo contendere." Tex. R. Evid. 410. Appellant
correctly argues that the rule contemplates that fairness dictates the prosecution be
permitted to offer other statements made by a defendant in order to provide context to 
statements by the defendant previously admitted into evidence. The gist of appellant's
argument is that this exception does not apply to this case and the testimony in question
was per se inadmissible under the rule.

 In support of his claim that the trial court reversibly erred, appellant primarily relies
upon the decisions in Neugebauer v. State, 974 S.W.2d 374 (Tex. App.-Amarillo 1998, pet.
ref'd) and Abdel-Sater v. State, 852 S.W.2d 671 (Tex. App.-Houston [14th Dist.] 1993, pet.
ref'd). However, that reliance is misplaced. In Neugebauer, the conversation about which
the State attempted to cross-examine the appellant was about whether his attorneys had
told him that he was probably going to receive probation from the jury. Neugebauer v.
State, 974 S.W.2d at 376-77. We held the State's attempt was improper because it
concerned a privileged communication between attorney and client. Id. Moreover, if
considered as referring to a conversation that took place during plea bargain negotiations,
the proper predicate under Rule 410 had not been met because the State had not shown
the statement occurred in the course of a successful plea negotiation and that in fairness
it should be allowed to offer other statements made in the course of that negotiation. Id.

 In Abdel-Sater, the statement which appellant attempted to introduce occurred after
the plea agreement was made, and the court held that because "the statement was not part
of the plea discussions, the trial court did not abuse its discretion in not allowing appellant
to disclose the terms of the plea negotiations to the jury." Abdel-Sater v. State, 852 S.W.2d
at 673.

 Suffice it to say, by its clear terms, the Rule 410(4) provision making inadmissible
statements by the defendant in the course of plea discussions only applies in cases in
which those discussions did not result in a plea of guilty, a plea of nolo contendere, or in
situations in which one of those pleas is withdrawn. The plea bargain discussions here
were successful and the trial court did not err in admitting the testimony in question.

 Accordingly, the judgment of the trial court must be, and is hereby, affirmed.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).