NO. 07-03-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 24, 2004

_____

DANASIRNO LUNA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

***Memorandum Opinion***

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 3910; HON. STEVEN EMMERT, PRESIDING

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

Appellant Danasirno Luna appeals his conviction of delivery of a controlled substance in two issues by challenging the legal and factual sufficiency of the evidence to support that conviction. We affirm the judgment of the trial court.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

*Background*

Deputy Sheriff Tommy Hernandez was working undercover with the Panhandle Narcotics Task Force. On August 24, 2000, he called appellant on his cell phone and told him he wanted to buy some crack cocaine. Then, Hernandez and his partner, Amarillo Police Officer David Ponce, went to the home of appellant in Shamrock, Texas, around 11:00 p.m. There, Hernandez was told it would cost him $100 to buy the cocaine and that he should give his money to appellant's son, whom Hernandez guessed to be around 15 years old. During that time, four other men walked into the house. Appellant told Hernandez and Ponce to return in 15-20 minutes to pick up the drugs. When the officers returned, appellant handed Ponce a packet of rock cocaine wrapped in aluminum foil. The officers left, and Ponce returned to Amarillo. The substance obtained from appellant was analyzed as cocaine, a controlled substance.

*Applicable Law*

The standards by which we review the legal and factual sufficiency of the evidence are well explained in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuiliani v. State*, 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the parties to those opinions.

Next, delivery of a controlled substance is established by evidence that 1) a person 2) knowingly or intentionally 3) delivers 4) a controlled substance. TEX. HEALTH & SAFETY CODE ANN. §481.112(a) (Vernon 2003); *Avila v. State,* 15 S.W.3d 568, 573 (Tex. App.--Houston [14th Dist.] 2000, no pet.). In this instance, the indictment alleged that the

delivery was by actual transfer, the latter being defined as a complete transfer of the substance from one person to another. *Conaway v. State,* 738 S.W.2d 692, 695 (Tex. Crim. App. 1987). Such is accomplished by manual delivery of property from the transferor to the transferee or to the transferee's agents or someone identified in law with the transferee. *Heberling v. State,* 834 S.W.2d 350, 354 (Tex. Crim. App. 1992).

*Application of Law*

Here, both Hernandez and Ponce testified that appellant 1) discussed with them the price of the drugs, 2) directed them to hand the money to his son, and 3) told the officers to return in 15 to 20 minutes for the drugs. The officers complied and, upon their return, were handed the cocaine by appellant. Furthermore, Ponce asked if it was "good coc," to which appellant replied that it was. This is some testimony upon which a rational trier of fact could find, beyond a reasonable doubt, that appellant intentionally or knowingly delivered, by manual transfer, a controlled substance. Thus, the verdict enjoys the support of legally sufficient evidence.

As to the existence of factually sufficient evidence, appellant argues that the testimony of the two undercover officers was insufficient since it was contradicted by and conflicted with testimony offered by witnesses he presented. For instance, appellant's son denied being present at the alleged delivery. This was corroborated by appellant's mother, who testified that neither of appellant's sons could have been at the drug delivery site. Another witness, who happened to be appellant's cousin and who the officers said was present, denied having ever seen the officers. This testimony, according to appellant, created "a classic swearing match situation and such situations . . . should always be

3

resolved in a defendant's favor where the defendant does not testify . . . ."[2] To the extent that the testimony of various witnesses creates contradictions, it falls upon the jury to judge the weight and credibility of the evidence and decide who to believe. *Allen v. State,* 39 S.W.3d 428, 431 (Tex. App.--Houston [1st Dist.] 2001, no pet.); *Fletcher v. State,* 39 S.W.3d 274, 279-80 (Tex. App.--Texarkana 2001, no pet.). Given that those who testified favorably for appellant were either his relatives or potential parties to the drug transaction, the jury may well have decided that they were interested parties unworthy of credence. And, we are not permitted to interfere with that credibility decision. In short, the testimony at bar supporting the verdict was not rendered factually insufficient simply because it may have been contradicted by other evidence.

Accordingly, we overrule each point of error and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

---

[2]Appellant cites no authority supporting the proposition that when a "classic swearing match" arises, those testifying favorably to the defendant must be believed by the factfinder. Nor do we know of any authority so holding.

4