Affirmed and Opinion filed March 25, 2004









Affirmed and Opinion filed March 25, 2004.

 

                                                                                                                                                            

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00184-CR

____________

 

MARTIN ALFREDO
JASSO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 896,067

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Martin Alfredo Jasso, appeals
from his conviction for possession of a controlled substance with intent to
deliver.  A jury found appellant guilty,
and the trial court assessed punishment at fifteen years= confinement and a
$1,000 fine.  On appeal, appellant
challenges the legal and factual sufficiency of the evidence.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.4.  We affirm.

 








The Evidence

Police Officer Oscar Garcia testified as
follows: he was working as an undercover narcotics officer when he met with
appellant and a paid police informant at a strip mall.  He negotiated with appellant for the sale of
four kilograms of cocaine, and they agreed to a price of $17,500 per
kilogram.  Officer Garcia showed
appellant $50,000 contained in a small ice chest; because appellant did not
have the drugs with him, appellant tried to convince the officer to go to another
location to complete the transaction. 
Officer Garcia initially refused but later agreed and followed appellant
to a mobile home.  He stayed outside
while appellant and the informant entered the trailer.

The informant, Eloy Garcia, corroborated
Officer Garcia=s testimony regarding the
negotiations.  When they entered the
trailer, one of the men inside showed him the cocaine.  Eloy then left to get the money; once
outside, he gave a signal and police officers moved in to make arrests.

Officer Garcia additionally testified that
when the raid team approached the trailer, a man opened the back door and threw
a small canister under the trailer before jumping out with a plastic bag in his
hand.  This testimony was corroborated by
Officer Joseph Thompson, who recovered the bag and the canister.  Both contained a powder substance.  A Houston Police Department Chemist testified
that he analyzed the powder substance and determined that it was cocaine.

Appellant testified on his own behalf,
contending that he thought that the transaction involved the purchase of a used
truck, that the subject of drugs never came up, and that when Eloy (whom he
knew by a different name) and Officer Garcia spoke English at times, he could
not understand what they were saying. 
Appellant=s wife testified that she understood Eloy
to be in the business of selling old cars and, on the day in question, simply
wanted appellant to accompany him to retrieve a truck.

 








Legal Sufficiency

In his first issue, appellant attacks the
legal sufficiency of the evidence to support the conviction.  We utilize the normal standards in reviewing
this legal sufficiency challenge.  See
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  Appellant was convicted of possession of a
controlled substance.  To prove
possession, the State must establish that the defendant knowingly exercised
actual care, custody, control, or management over the contraband.  See Brown v. State, 911 S.W.2d 744,
747 (Tex. Crim. App.1995); Villareal v. State, 116 S.W.3d 74, 79 (Tex.
App.CHouston [14th
Dist.] 2001, no pet.).

Appellant specifically argues that there
was no evidence that he exercised care, control, or management over the
controlled substance.  He asserts that,
at most, the evidence established that he helped arrange the sale of cocaine
that was possessed by others.

We begin our analysis by noting that
possession need not be exclusive, and evidence showing joint possession with
another is sufficient.   See Cude v.
State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); Avila v. State, 15
S.W.3d 568, 573 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  However, in cases
where possession was not exclusive, the State must produce evidence of
additional facts and circumstances affirmatively linking the accused to the
contraband.  See Cude, 716 S.W.2d
at 47; Avila, 15 S.W.3d at 573. 
Mere presence in the vicinity of the contraband, or even mere knowledge
that an offense is taking place, will not establish that the accused exercised
the requisite care, control, and management or that he had joint possession of
the contraband.  See Martinez v. State,
880 S.W.2d 72, 77 (Tex. App.CTexarkana 1994, no
pet.).








In the present case, the evidence
demonstrated that appellant represented his ability to deliver drugs,
negotiated the terms of sale, and then arranged for the consummation of the
sale by taking the informant inside a trailer where the drugs were
located.  This evidence was sufficient to
affirmatively link appellant to the cocaine and to establish his care, control,
or management over the drugs.  See id.
at 77-78; cf. Diaz v. State, 902 S.W.2d 149, 152 (Tex. App.CHouston [1st
Dist.] 1995, no pet.) (holding that evidence showing defendant brokered
purchase of cocaine was sufficient to sustain conviction for illegal investment
of funds).  Accordingly, we find that the
evidence was legally sufficient to support the verdict.  Appellant=s first issue is
overruled.

Factual Sufficiency

In his second issue, appellant contends
that the evidence was factually insufficient to support the conviction.  We utilize the normal standards of review of
a factual sufficiency challenge.  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Specifically, appellant argues that the
evidence was deficient because the State=s case rested
primarily on the testimony of a paid informant, which was in contradiction to
appellant=s own more credible testimony.  It is generally the province of the jury to
assign credibility and weight to testimony, particularly when the testimony of
two witnesses conflicts.  See
Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).  Moreover, appellant=s assertion that
the State=s case rested largely on the informant=s testimony is not
supported by the record.  The prosecution
relied heavily on Officer Garcia=s testimony, which
was substantially corroborated by the informant=s testimony and
the testimony of another officer involved in the operation.  Accordingly, we find that the evidence was
factually sufficient to support the verdict. 
Appellant=s second issue is overruled.

The trial court=s judgment is
affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Opinion filed March 25, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).