Affirmed and Memorandum Opinion filed June 23, 2005









Affirmed and Memorandum Opinion filed June 23, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00394-CR

____________

 

TRACY LAMONT SCOTT, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 964,439

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Tracy Lamont Scott, was
convicted of possession of cocaine with intent to deliver.  In four issues, appellant challenges the
legal and factual sufficiency of the evidence to support his conviction as a
principal or as a party to the offense. 
We affirm.

I. 
Factual and Procedural Background








At the end of April 2003, a confidential
informant notified undercover Drug Enforcement Administration agent Terrence
Brown that appellant was able to supply interested buyers with cocaine.  Over a period of two weeks, appellant and
Agent Brown spoke on the phone to plan the exchange of cocaine for a negotiated
payment.  Following these initial
discussions, appellant asked Lyn Earl Davis to set up a meeting between
appellant and Forest Craig Cook in order to obtain the cocaine.  

Appellant and Agent Brown met at noon on
May 13, 2003, to make further arrangements for the exchange.  They agreed to meet later that afternoon at a
gas station to complete the transaction. 
After the noon meeting, Davis contacted Cook on behalf of appellant and
accompanied appellant to Cook=s house to obtain
the cocaine.  Cook supplied the cocaine
and negotiated how much profit appellant would realize from the sale.  That afternoon appellant drove into the gas
station parking lot with Davis in the front passenger seat and Cook in the back
seat.  Two kilograms of cocaine were
wrapped inside a large garbage bag underneath the back seat.  

After exchanging greetings with appellant,
Agent Brown approached the car to examine the cocaine.  The backseat passenger, Cook, retrieved the
bag from underneath the seat, but refused to hand it over to appellant;
instead, he placed it on the floor behind the driver=s armrest.  Appellant reached back to grab the bag and
placed it on his lap.  Appellant opened
the bag for Agent Brown to inspect the cocaine. 
Agent Brown touched one of the packages and smelled the cocaine.  Agent Brown told appellant he was going to
call someone to bring the money to the parking lot and walked away from the car
while talking on his cell phone.  The
phone call signaled Agent Brown=s fellow law
enforcement officers, who immediately approached the car to arrest the three
passengers.

Appellant was charged by indictment with
possession of cocaine with intent to deliver. 
See Tex. Health & Safety Code  ' 481.112(a)
(Vernon 2004).  Appellant pleaded not
guilty.  The jury charge authorized the
jury to convict appellant as a principal or as a party.  The jury found appellant guilty, and the
trial court assessed punishment at 38 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.








II. 
Analysis and Discussion

Is the evidence
legally and factually sufficient to support appellant=s conviction as a
principal?

In his first and second issues, appellant
contends the evidence is legally and factually insufficient to prove he
exercised care, custody, and control over the cocaine found in his car.  A person commits the offense of possession of
cocaine with the intent to deliver if the person knowingly possesses cocaine
with intent to deliver.   Tex.
Health & Safety Code  ' 481.112(a)
(Vernon 2004).  To establish possession,
the State must prove, among other things, that 
the defendant exercised actual care, custody, control, or management
over the substance.  See Tex. Health
& Safety Code 
' 481.002(38)
(Vernon 2004); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).[1]  Appellant asserts on appeal that the State
had to prove that he exercised actual care, custody, control, and
management over the substance.  This is
not correct; the State=s burden, as stated above, is to prove one
of these items, not all of them.  See
Tex. Health & Safety
Code  ' 481.002(38)
(Vernon 2004); Martin, 753 S.W.2d at 385.  








In order to establish possession, the
State does not have to prove that appellant exercised exclusive control over
the substance.  See Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986). If possession is not exclusive, one
or more persons may jointly exercise control. 
See id.  However, when the
accused does not have exclusive possession of the place where the contraband is
found, the State must show additional independent facts and circumstances that
demonstrate an affirmative link between appellant and the contraband.  Id. 
The additional facts should indicate the accused=s knowledge of and
control over the contraband; these factors include, among other things, his
presence when the substance was discovered, his proximity and accessibility to
the substance, whether the substance was in plain view, and appellant=s relationship to
the place where the substance was found. 
See Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 
The totality of additional facts and circumstances will determine
whether the accused is affirmatively linked to the contraband.  See Sosa v. State, 845 S.W.2d 479, 483
(Tex. App.CHouston [14th Dist.] 1993, pet. ref=d).

When evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








Appellant argues his mere presence in the
car when the cocaine was found is not sufficient to establish that he exercised
care, custody, and control over the substance. 
However, appellant was more than merely present when the cocaine was found.  Appellant set up the transaction, negotiated
the sale price, arranged the meetings, and drove his car to the gas
station.  When appellant was arrested,
the bag of cocaine was in plain view, directly beside appellant in the driver=s seat of the
car.  Immediately before the arrest,
appellant placed the bag on his lap and opened it up for Agent Brown to inspect
the cocaine.  Appellant concedes on
appeal that he had momentary control over the cocaine. From these facts and
circumstances, a rational trier of fact could reasonably infer that appellant
possessed the cocaine.  Viewing the
evidence in the light most favorable to the verdict, we conclude that the
evidence is legally sufficient to support appellant=s conviction as a
principal.  Accordingly, we overrule
appellant=s first issue.

When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
A reviewing court may find the evidence factually insufficient in two
ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id.  at 484B85.  In conducting the factual sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  








Appellant argues he never had possession
of the cocaine because he was only a middleman in the transaction between Agent
Brown and Cook.  Appellant also claims
that because Cook maintained constant control over the cocaine during the
exchange, appellant could not also have exercised control over it.  As noted above, exclusive control is not
necessary to establish possession when joint possession and additional
circumstances affirmatively link the accused to the contraband.  Cude v. State, 716 S.W.2d at 47.  Knowledge of the cocaine=s existence and
exercising control over it are sufficient affirmative links for a jury to infer
possession.  Avila v. State, 15
S.W.3d 568, 573B74 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  

Several law enforcement officers testified
that during their surveillance of appellant, he actively sought possession of
the cocaine through repeated travel to Davis=s apartment and to
Cook=s house.  Davis testified that appellant encouraged
Cook to supply the cocaine and had to assuage Cook=s fears after
Agent Brown changed the meeting location to convince Cook to complete the
transaction.   Taped phone conversations
show appellant soliciting Agent Brown=s business.  Forensic experts testified that appellant=s fingerprints
were on the bag containing the bricks of cocaine.  Under the applicable standard of review, we
conclude the evidence is factually sufficient to support appellant=s conviction as a
principal. Accordingly, we overrule appellant=s second issue.

In his third and fourth issues, appellant
contends the evidence is legally and factually insufficient to support his
conviction as a party to the offense. 
When the jury returns a general verdict, as it did in this case, and the
evidence is sufficient to support a finding of guilt on either of the theories
submitted for indictment, the conviction will be upheld.  Fuller v. State, 827 S.W.2d 919, 931
(Tex. Crim. App. 1992).  Because we
conclude the evidence is legally and factually sufficient to sustain appellant=s conviction as a
principal, we need not address appellant=s third and fourth
issues.  

We affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed June 23, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  On appeal,
appellant does not contend that the evidence is legally or factually
insufficient to show that he was conscious of his connection with the cocaine
or that he knew the cocaine was contraband.