NO. 07-07-0021-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 27, 2007


______________________________



In the Matter of the Marriage of 


MARY CECELIA GARZA and RAYMOND M. GARZA


_________________________________



FROM THE 320th DISTRICT COURT OF POTTER COUNTY;



NO. 73,011-D; HON. DON EMERSON, PRESIDING


________________________________



MEMORANDUM OPINION


___________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Raymond M. Garza filed a notice of appeal on January 22, 2007. 
However, he did not pay the $125 filing fee required from appellants under Texas Rule of
Appellate Procedure 5. Nor did he file an affidavit of indigence per Texas Rule of Appellate
Procedure 20.1. By letter from this Court dated February 7, 2007, we informed appellant
that "the filing fee in the amount of $125.00 has not been paid, and appellant is directed
this fee must be received by the Court no later than Tuesday, February 20, 2007. . . . 
Failure to comply with the Court's directive will result in dismissal of the appeal per Rules
37.3(b) and 42.3(b) and (c)." Tex. R. App. P. 42.3(c); see Holt v. F. F. Enterprises, 990
S.W.2d 756 (Tex. App.-Amarillo 1998, pet. ref'd). The deadline lapsed, and the fee was
not received. 

 

 Because appellant failed to pay the requisite filing fee as directed by the court, we
dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 


 

 Per Curiam



d substance. Tex. Health & Safety
Code Ann. §481.112(a) (Vernon 2003); Avila v. State, 15 S.W.3d 568, 573 (Tex. App.--
Houston [14th Dist.] 2000, no pet.). In this instance, the indictment alleged that the
delivery was by actual transfer, the latter being defined as a complete transfer of the
substance from one person to another. Conaway v. State, 738 S.W.2d 692, 695 (Tex.
Crim. App. 1987). Such is accomplished by manual delivery of property from the
transferor to the transferee or to the transferee's agents or someone identified in law with
the transferee. Heberling v. State, 834 S.W.2d 350, 354 (Tex. Crim. App. 1992).

 Application of Law

 Here, both Hernandez and Ponce testified that appellant 1) discussed with them the
price of the drugs, 2) directed them to hand the money to his son, and 3) told the officers
to return in 15 to 20 minutes for the drugs. The officers complied and, upon their return,
were handed the cocaine by appellant. Furthermore, Ponce asked if it was "good coc," to
which appellant replied that it was. This is some testimony upon which a rational trier of
fact could find, beyond a reasonable doubt, that appellant intentionally or knowingly
delivered, by manual transfer, a controlled substance. Thus, the verdict enjoys the support
of legally sufficient evidence.

 As to the existence of factually sufficient evidence, appellant argues that the
testimony of the two undercover officers was insufficient since it was contradicted by and
conflicted with testimony offered by witnesses he presented. For instance, appellant's son
denied being present at the alleged delivery. This was corroborated by appellant's mother,
who testified that neither of appellant's sons could have been at the drug delivery site. 
Another witness, who happened to be appellant's cousin and who the officers said was
present, denied having ever seen the officers. This testimony, according to appellant, 
created "a classic swearing match situation and such situations . . . should always be
resolved in a defendant's favor where the defendant does not testify . . . ." (2) To the extent
that the testimony of various witnesses creates contradictions, it falls upon the jury to judge
the weight and credibility of the evidence and decide who to believe. Allen v. State, 39
S.W.3d 428, 431 (Tex. App.--Houston [1st Dist.] 2001, no pet.); Fletcher v. State, 39
S.W.3d 274, 279-80 (Tex. App.--Texarkana 2001, no pet.). Given that those who testified
favorably for appellant were either his relatives or potential parties to the drug transaction,
the jury may well have decided that they were interested parties unworthy of credence. 
And, we are not permitted to interfere with that credibility decision. In short, the testimony
at bar supporting the verdict was not rendered factually insufficient simply because it may
have been contradicted by other evidence. 

 Accordingly, we overrule each point of error and affirm the judgment of the trial
court. 


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Appellant cites no authority supporting the proposition that when a "classic swearing match" arises,
those testifying favorably to the defendant must be believed by the factfinder. Nor do we know of any authority
so holding.