Opinion issued March 1, 2007











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00843-CR






DAMON C. HOWARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1001710






MEMORANDUM OPINION

 Appellant, Damon C. Howard, was charged by indictment with possession of
at least 400 grams of cocaine with intent to deliver. Appellant entered a plea of not
guilty and waived a jury trial. The trial court found appellant guilty as charged and
assessed punishment at confinement for 30 years. In his appeal, appellant challenges
the legal and factual sufficiency of the evidence to support his conviction and asserts
that his counsel was ineffective at the guilt-innocence phase of trial. He also
contends that he is entitled to a new trial because the appellate record is incomplete. 
We affirm. 

BACKGROUND


 Trooper O.K. Jacobs, the only witness at trial, testified to the events
surrounding appellant's arrest. At about 11:15 a.m. on September 22, 2004, Jacobs
stopped a car that was eastbound on I-10 moving from side to side within its lane,
touching both lines. The car had two occupants, and Jacobs had seen the driver,
appellant, drinking something as he drove. Jacobs approached the driver's side of the
car and asked appellant to step out. Jacobs asked to see appellant's driver's license,
and, when told that the car was a rental car, asked to see the rental agreement. The
rental agreement was in the passenger's name, and appellant was not named as a
driver. Jacobs questioned each of the men about their destination, and they gave
conflicting answers. At some point, Jacobs arrested the passenger for outstanding
warrants. Jacobs asked appellant for permission to search the car, and appellant
consented. 

 In the trunk of the car, Jacobs found a clear plastic grocery bag containing
cleaning supplies and other items, including Comet cleaner, Tide detergent, Super
Glue, and sandwich bags. A receipt in the bag indicated that three tubes of Super
Glue, one 63-ounce box of Tide detergent, sandwich bags, Comet powder, and other
cleaning supplies had been purchased that morning at 9:23. 

 As Jacobs spoke with appellant during the investigation, appellant appeared to
have knowledge of the bag and its contents, and, in fact, admitted that he did. Jacobs
asked appellant about the cleaning supplies, and appellant said that they were going
to Lafayette to clean a house. 

 Jacobs examined the box of Tide and saw that it had been cut open and
resealed with Super Glue, which was visible on the bottom of the box. He opened the
box and saw a clear bag containing a white powder. He placed the bag in another
plastic bag, sealed it, and sent it to the lab for testing. The lab report showed that the
bag contained 499.04 grams of cocaine. 

DISCUSSION


Legal and Fatual Sufficiency

 In his first two points of error, appellant contends that the evidence was legally
and factually insufficient to support his conviction. In reviewing the evidence on
legal sufficiency grounds, we view the evidence in the light most favorable to the
verdict to determine "whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). 

 When conducting a factual-sufficiency review, we view all of the
evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex Crim. App.
1997). We will set the verdict aside only if (1) the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great
weight and preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). Under the first prong of Johnson, we cannot conclude that a
conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum
of evidence admitted, we would have voted to acquit had we been the factfinder. 
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second
prong of Johnson, we cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the factfinder's resolution of that conflict. Id. 
Before finding that evidence is factually insufficient to support a verdict under the
second prong of Johnson, we must be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the
factfinder's verdict. Id. In conducting a factual-sufficiency review, we must also
discuss the evidence that, according to the appellant, most undermines the factfinder's
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 

 Under both legal and factual sufficiency, the factfinder is the exclusive judge
of the facts, the credibility of the witnesses, and the weight to be given to the
witnesses' testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.--Houston
[1st Dist.] 2003, pet. ref'd). The factfinder may believe all, some, or none of any
witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
This standard of review applies to both direct and circumstantial evidence cases. 
King, 29 S.W.3d at 565. 

 Appellant argues that a rational trier of fact could not have found, beyond a
reasonable doubt, that he committed the offense of possession of a controlled
substance because the record reflects that appellant was not alone in the car, did not
own the car, consented to the search of the car, and had no outstanding warrants;
appellant's name was not on the rental agreement; no fingerprints link appellant to
the cocaine; the passenger rented the car, had outstanding warrants, and was placed
under arrest for his warrants; and the facts suggest that the cocaine found in the car
trunk was put there by the passenger. 

 A person commits the offense of possession of cocaine with intent to deliver
if the person knowingly possessed cocaine with intent to deliver. Tex. Health &
Safety Code Ann. §§ 481.002(8), 481.102(3)(D), 481.112(a) (Vernon 2003 & Supp.
2006). To establish knowing possession, the State must prove that the accused (1)
exercised actual care, custody, control, or management over the contraband and (2)
the accused knew the substance he possessed was contraband. Tex. Health &
Safety Code Ann. § 481.002.(38) (Vernon Supp. 2006); Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995). Knowledge may be inferred from the
circumstances. Linton v. State, 15 S.W.3d 615, 618 (Tex. App.--Houston [14th
Dist.] 2000, pet. ref'd). When the defendant is not in exclusive possession of the
place where the contraband is found, additional independent facts and circumstances
must affirmatively link the defendant to the contraband. Avila v. State, 15 S.W.3d
568, 573 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Intent to deliver is a
question of fact and may be established by circumstantial evidence. Id.

 In this case, appellant was the driver of the automobile in which the cocaine
was found; appellant told Jacobs that he was going to use the cleaning supplies to
clean a house in Lafayette, thus establishing that he knew the cleaning supplies were
in the trunk; and the occupants of the car gave conflicting statements about where
they were going. In addition, Jacobs indicated that appellant admitted that he knew
what was in the bag. These facts are sufficient to show that appellant had actual
control over the cocaine and knew that it was cocaine, and they affirmatively link
appellant to the cocaine, even though his possession may not have been exclusive. 
We hold that this evidence is legally sufficient to support appellant's conviction. 

 With regard to factual sufficiency of the evidence, appellant asks us to review
the credibility of the evidence, arguing that "the entire point of the state constitutional
grant of authority to review factual sufficiency is precisely to allow this court to
review credibility." Appellant cites no authority for his argument, and it is clearly
wrong. We reiterate our standard of review: the factfinder is the exclusive judge of
the facts, the credibility of the witnesses, and the weight to be given to the witnesses'
testimony. Jaggers , 125 S.W.3d at 671. 

 At trial, appellant produced no evidence contrary to the State's evidence of
guilt. We hold that the evidence is not factually insufficient. 

 We overrule appellant's first two points of error. 

Ineffective Assistance of Counsel

 In his third point of error, appellant contends that he received ineffective
assistance of counsel. The standard of review for evaluating claims of ineffective
assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.
Ct. 2052 (1984). Appellant must show that (1) counsel's performance was so
deficient that he was not functioning as acceptable counsel under the Sixth
Amendment and (2) but for the counsel's error, there is a reasonable probability that
the result of the proceedings would have been different. Strickland, 466 U.S. at 687,
694, 104 S. Ct. at 2064, 2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 

 It is the defendant's burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. See Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 
Our review of trial counsel's representation is highly deferential, and we must
presume that counsel's actions came within the wide range of reasonable and
professional assistance. Mallett v. State, 65 S.W.3d 59,63 (Tex. Crim. App. 2001). 
The Court of Criminal Appeals has often noted that, usually, the record on appeal is
insufficient to establish that an appellant's representation at trial was ineffective, and
that a petition for writ of habeas corpus is the more appropriate vehicle by which to
raise a claim of ineffective assistance of counsel. See, e.g., Rylander v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003).

 Here, appellant argues that his counsel was ineffective because he did not (1)
move to weigh the cocaine without the packaging, (2) make an opening statement, (3)
object to the admission into evidence of the cocaine, and (4) object to Jacobs's
testimony that appellant appeared to know what was in the trunk. Appellant filed a
motion for new trial in which his only complaint was, "The verdict is contrary to the
law and evidence." 

 Although appellant filed a motion for new trial, the record does not show that
he requested a hearing on the motion. The record is silent as to why appellant's trial
counsel did not move to weigh the cocaine without the packaging, make an opening
statement, object to the admission into evidence of the bag of cocaine, or preserve
error on his objection to the officer's testimony that appellant appeared to know what
was in the trunk. See Gamble, 916 S.W.2d at 93. To find that trial counsel was
ineffective based on the asserted grounds would call for speculation, which we will
not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble,
916 S.W.2d at 93. 

 We overrule appellant's third point of error. 

Missing Record

 In his fourth point of error, appellant contends that he is entitled to a new trial
under rule 34.6(f)(3) of the Texas Rules of Appellate Procedure because the pre-sentence investigation (PSI) report, the transcription of the hearing on the PSI, and
the exhibits are missing from the record, although they were requested by appellant. 
Appellant contends that the missing record is necessary to his appeal because he "can
claim ineffective assistance of counsel during punishment." 

 Appellant does not specify the exhibits he considers to be necessary to his
appeal, and the record does not contain any request for exhibits. However, we note
that the PSI report includes 12 personal letters of support from appellant's family and
friends. The district clerk has filed a supplemental clerk's record containing the PSI
report, and the court reporter has filed the transcription of the hearing on the PSI in
a supplemental reporter's record. Thus, the record is now complete. 

 After the supplemental records were filed, this Court afforded appellant the
opportunity to file a supplemental brief, limited to the issue raised in his initial brief:
ineffective assistance of counsel at the pre-sentence investigation report/punishment
phase hearing. Appellant did not file a supplemental brief. Therefore, he has waived
his fourth point of error. 

CONCLUSION


 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).