

# NUMBER 13-11-00644-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KEVIN WILLIAM KING,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Jefferson County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Kevin William King appeals his conviction for evading arrest, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.04(a)–(b) (West 2011). A jury found appellant guilty, and the trial court assessed punishment at thirty days' confinement in the

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

county jail of Jefferson County, Texas. By a single issue, appellant argues the trial court erred by admitting State's Exhibit Nos. 2–13. We affirm.

## I. BACKGROUND[2]

Beaumont Police Officer Matthew Bean testified that as he was driving, he saw appellant standing in the middle of the road—"almost on the dotted lines." Officer Bean had to stop his vehicle to avoid hitting him. Appellant then threw a bottle on the ground and continued to walk across the road. Officer Bean "hollered at him to stop," but appellant responded "No" and began running away. Officer Bean and another officer, Officer Rosendo Lopez, chased appellant on foot. Eventually, Officer Lopez tackled appellant, causing Officer Lopez and appellant to tumble down an embankment.

State's Exhibit Nos. 2–13 are photographs taken shortly after appellant was apprehended. Exhibit Nos. 2–7 are photographs of Officer Lopez and show that Officer Lopez's uniform was muddy from his struggle with appellant. Exhibit No. 5 is a close-up picture of Officer Lopez's lower leg, showing minor scrapes. Exhibit Nos. 8–13 are various photographs of appellant and show appellant with mud and scrapes; he has a bandage on his head because of an injury he sustained. Appellant objected to the photographs on the grounds that their probative value was substantially outweighed by their prejudicial effect. The trial court overruled the objection and admitted State's Exhibit Nos. 2–13.

## II. ADMISSIBILITY OF EVIDENCE

By his sole issue, appellant argues the trial court erred by admitting State's Exhibit

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Nos. 2–13 over his rule 403 objection.[3]  We review the trial court's admission of the exhibits for an abuse of discretion.  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (en banc).  A rule 403 review includes the following factors:  (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.  *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).  We consider the following additional factors with respect to the admission of photographs: the number of the photographs, the size, whether they are in color or are black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered by autopsy.  *Id.*

## A.  *Erazo* Factors

### 1.  The Probative Value of the Evidence

The photographs are probative to the fact-finder's credibility analysis.  Officer Lopez testified he tackled appellant to halt appellant's evasion, whereas appellant claimed the officers assaulted him without provocation and that he was compliant when the officers ordered him to stop.  The photographs show mud and scratches on Officer Lopez and appellant.  *See* TEX. R. EVID. 401 (evidence is relevant if they have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

Because appellant challenged Officer Lopez's version of the events, the State was

---

[3]  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  TEX. R. EVID. 403.  To the extent appellant argues on appeal that the photographs were inadmissible under Texas Rule of Evidence 404(b) because they were more relevant to resisting arrest than evading arrest, this contention is unpreserved; appellant did not advance that argument in the trial court.  *See* TEX. R. APP. P. 33.1.

entitled to provide a more complete account of the events giving rise to appellant's arrest. *See Dunklin v. State*, 194 S.W.3d 14, 25 (Tex. App.—Texarkana 2006, no pet.). Moreover, photographs are generally admissible if verbal testimony as to the matters depicted is admissible. *Ramirez v. State*, 815 S.W.2d 636, 647 (Tex. Crim. App. 1991) (en banc). Both officers and appellant testified about the events depicted in the photographs, thereby rendering them relevant and admissible. *See id.* This factor weighs in favor of admitting the exhibits.

### 2. The Potential Jury Impact

The photographs had little potential to impress the jury in some irrational, yet indelible, way. *See Erazo*, 144 S.W.3d at 489. "An abuse of discretion arises only when the probative value of the photograph is small and its inflammatory potential great." *Ramirez v. State*, 815 S.W.2d at 646–47. Appellant contends he was prejudiced because three of the photographs showed him in handcuffs. A photograph of an accused in handcuffs is admissible when the record reflects the accused was in custody and subject to physical restraint when the photograph was taken. *See Neelys v. State*, 374 S.W.3d 553, 563–64 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Avila v. State*, 15 S.W.3d 568, 574–75 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Appellant fails to show that the prejudicial effect of the photographs substantially outweigh their probative value. *See Ramirez*, 815 S.W.2d at 647. This factor weighs in favor of admission.[4]

---

[4] Appellant's reliance on *Deck v. Missouri*, 544 U.S. 622 (2005) and *Holbrook v. Flynn*, 475 U.S. 560, 569 (1986) for the proposition that the photographs of him in handcuffs were overly prejudicial is misplaced. Those cases concern a defendant's constitutional due process right against being shackled before a jury, *see Deck*, 544 U.S. at 624–30, or accompanied by a security detail during trial, *see Holbrook*,

4

### 3. The Time Needed to Develop the Evidence

As shown by the record, very little time was used to develop the evidence during the trial. This factor weighs in favor of admitting the photographs.

### 4. The Proponent's Need for the Evidence

In evaluating the need for the evidence, we must consider: (1) whether the proponent has other available evidence to establish the fact of consequence that the photograph is relevant to show; (2) the strength of the other evidence; and (3) whether the fact of consequence is related to an issue that is in dispute. *Erazo*, 144 S.W.3d at 495–96. Other than the photographs, the evidence consisted of the officers' testimony and a video. The video, however, was not helpful to the determination of whether appellant complied with the officers' orders to stop, as appellant insisted he did. The video was recorded from Officer Lopez's patrol unit that was parked away from the chase; it only captured audio from a microphone that Officer Lopez was wearing. Thus, no other evidence except the officers' testimony was available to establish the fact that appellant refused to comply. This factor weighs in favor of admitting the exhibits.

### 5. Other Factors

Lastly, we consider the additional factors outlined in *Erazo* because we are reviewing the admission of photographs. *See* 144 S.W.3d at 489. There are twelve photographs measuring about 8.5 inches by 11 inches. They are black and white. The

---

475 U.S. at 570–72, and not the admissibility of photographs taken of an accused immediately after arrest. *See Avila v. State*, 15 S.W.3d 568, 574 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("[M]erely being subject to physical restraint is not the same as appearing in front of the jury restrained."); *see also Holbrook*, 475 U.S. at 567 ("Recognizing that jurors are quite aware that the defendant appearing before them did not arrive there by choice or happenstance, we have never tried, and could never hope, to eliminate from the trial procedures every reminder that the State has chosen to marshal its resources against a defendant to punish him for allegedly criminal conduct.").

pictures are neither gruesome nor do they involve naked bodies or bodies altered by an autopsy. We conclude these factors weigh in favor of admitting the exhibits.

## B. Summary

Having applied the foregoing factors, we conclude the trial court did not abuse its discretion by admitting the State's Exhibit Nos. 2–13. *See Ramirez*, 815 S.W.2d at 646–47 ("An abuse of discretion arises only when the probative value of the photograph is small and its inflammatory potential great."). We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2013.

6