David Wayne CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–044 CR.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1989.

Veryl E. Brown, Liberty, for appellant.
Steve Greene, Liberty, for the State.

OPINION

DIES, Chief Justice.

A jury found appellant guilty of the offense of delivery of cocaine. The trial court assessed punishment at thirty years confinement in the Texas Department of Corrections. Appellant has brought this appeal from the judgment of the trial court.

Appellant's sole point of error urges that the evidence was insufficient to prove that appellant knew that the aluminum foil wrappers he delivered to an undercover officer contained cocaine. In reviewing the

sufficiency of the evidence, we must look at all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The evidence reveals that appellant approached a vehicle parked in the parking lot of the Amvet Club in Cleveland, Texas, at approximately 9 p.m. on April 29, 1987. The vehicle was occupied by undercover police officers Allen and Waldrup. Allen testified that appellant asked him what he was looking for. Allen told appellant he was looking for some "rocks." Allen testified that "rock" was a street name for cocaine. Appellant told Allen he could get him some rocks. Allen asked how much it would cost and appellant replied it would cost $25.

Allen then told appellant he would like to get two rocks from him. Appellant said he would get it and pointed to another part of the parking lot where other people were gathered. Allen said he would wait in the truck. Appellant said he would need the money from Allen to get the rocks. Allen said he didn't like doing it that way. Appellant stated, "I'm just going over there to get it." Allen said he didn't have exact change for $50. Appellant then stated he would bring back the rocks wrapped in Allen's change.

Allen then gave appellant three twenty dollar bills. Appellant walked to another part of the parking lot. He approached another person and shortly returned to Allen's car. When appellant returned, he peered into the vehicle and asked Allen and Waldrup if they were police officers. They both denied being policemen. Then appellant gave Allen a ten dollar bill wrapped around two pieces of aluminum foil. Each piece of foil contained a white, rock-like substance.

Allen looked at the "rocks" and said it looked good. Appellant replied that it was good. Allen stated that he might want some more, to which appellant replied he would be around and that Allen should look for him. A chemist testified that the white substance in the foil containers was cocaine.

Appellant's reaction to Allen's request for "rocks" raises a reasonable inference that he knew what Allen was asking for. Appellant stated the price of these "rocks" was twenty-five dollars. It is apparent that he meant twenty-five dollars apiece, because he brought Allen ten dollars as change when Allen gave him sixty dollars for the two rocks. If this were not sufficient evidence that appellant knew that the foil packages contained contraband, his concern as to whether Allen and Waldrup were police officers was certainly sufficient proof of his knowledge of the nature of the contents of the pieces of foil. We hold that a rational fact finder could have found the elements of this offense beyond a reasonable doubt.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.