In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00076-CR
_____

**CODY SHERROD FORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-26110**

**MEMORANDUM OPINION**

A Jefferson County grand jury indicted Cody Sherrod Ford for the offense of delivery of a controlled substance, specifically cocaine, in an amount less than one gram.[1] *See* Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp. 2018);

---

[1] The indictment originally alleged that Ford delivered cocaine in an amount greater than one gram but less than four grams; however, the State amended the indictment at trial to allege an amount less than one gram.

1

481.112(a), (b) (West 2017).[2] The indictment included enhancement paragraphs for two prior felony convictions. A jury convicted Ford of the offense of delivery of a controlled substance in an amount less than one gram. Ford pled true to the enhancements alleged in the indictment, and the jury sentenced him to ten years of confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. §§ 12.33, 12.35, 12.425 (West 2019). Ford timely appealed and in one issue contends the evidence is legally insufficient to support the jury's verdict because a rational jury could not have found he "knowingly" delivered a controlled substance. We affirm the trial court's judgment.

## Background

An undercover officer with the Jefferson County Sheriff's Department Narcotics Task Force arranged to purchase one hundred dollars' worth of crack cocaine from Ford. The vehicle the officer drove contained covert audio and video recording devices, which captured the interactions between the officer and Ford. At trial, the State admitted the video footage of the transaction into evidence.

The officer testified that he arranged to meet Ford at a location in Port Arthur, Texas to purchase crack cocaine. The officer testified that Ford "got in the vehicle

---

[2] We cite to the current version of the statutes, as any subsequent amendments do not impact the outcome of this appeal.

and advised that he would have to go to another location to get the stuff."[3] The officer said Ford then directed him to another location on Alamo Street, where he told the officer to stop. The officer explained that Ford exited the vehicle while he waited in the car, and Ford returned to the vehicle "within a couple of minutes." The officer told the jury that when Ford left the vehicle, he "assumed that [Ford] was going to get the narcotics."

The officer testified that although the video angle did not show what Ford had in his hand or what he deposited in the passenger's seat, when Ford leaned inside the vehicle, he placed what appeared to be crack cocaine in the passenger's seat and accepted one hundred dollars from the officer. The officer testified that after the transaction, Ford declined a ride, and the officer left the scene. Officers did not immediately arrest Ford; instead, a backup detective in a separate vehicle testified that he quickly drove by the scene to get a visual identification of Ford after the sale.

The undercover officer testified that he sealed the substance Ford delivered to him inside an envelope, placed it in an evidence locker, and transported it to the crime lab about two days later. The trial court admitted the envelope and its contents into evidence. A forensic scientist from the Jefferson County Regional Crime Lab

---

[3] Video evidence shows Ford getting into the officer's vehicle, instructing the officer to drive to another location, and telling the officer, "I gotta (sic) grab it for you."

testified that she had specialized training in drug chemistry analysis and had testified as an expert at trials many times. The forensic scientist told the jury she analyzed and weighed the substance contained in the envelope, which tested positive for cocaine in an amount of .954 grams.

## Standard of Review

In reviewing a challenge to the sufficiency of the evidence in a criminal case, the "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We view the evidence in the light most favorable to the State to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–319; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility "'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper*, 214 S.W.3d at 13 (quoting *Jackson*, 443 U.S. at 318–19)); *see also Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) (explaining the jury is the sole judge of the witnesses' credibility and weight to be given their

4

testimony). We look to all evidence in the record, including admissible and inadmissible evidence, and direct and circumstantial evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

## Analysis

In his sole issue, Ford contends the evidence is legally insufficient to support the jury's verdict and specifically challenges the sufficiency of the evidence as to the "knowingly" element of the offense.

Under the Texas Controlled Substances Act, cocaine is a substance in Penalty Group 1. Tex. Health & Safety Code Ann. § 481.102(3)(D). A person commits the offense of delivery of a controlled substance if he knowingly delivers a controlled substance in Penalty Group 1. *Id.* at § 481.112(a). The Texas Penal Code that

> [a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Tex. Penal Code Ann. § 6.03(b) (West 2011).

A jury may infer intent or knowledge from a defendant's acts, words, and conduct. *See Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). "Intent and knowledge are fact questions for the jury, and are almost always proven through evidence of the circumstances surrounding the crime." *Manrique v. State*, 994

5

S.W.2d 640, 649 (Tex. Crim. App. 1999) (Myers, J., concurring) (citing *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984); *Mouton v. State*, 923 S.W.2d 219, 223 (Tex. App.—Houston [14th Dist. 1996, no pet.)). In a delivery case, intent may be proved by circumstantial evidence. *Avila v. State*, 15 S.W.3d 568, 573 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citations omitted).

Here, the undercover officer testified that Ford agreed to sell him one hundred dollars' worth of crack cocaine. Testimony at trial and other evidence established that the two agreed to meet at a location on Memorial Highway, a busy street in Port Arthur, Texas. From there, Ford entered the officer's vehicle and said, "I gotta (sic) grab it for you." Ford then directed the officer to a different location. Once at Ford's chosen location, Ford left the vehicle, then returned a short time later. The officer explained to the jury that when Ford leaned into the vehicle, he placed a baggy of what appeared to be crack cocaine in the seat and took one hundred dollars from the officer. Ford's actions were consistent with his agreement to sell crack cocaine to the undercover officer, and a forensic scientist testified at trial that the substance Ford delivered to the officer was, in fact, cocaine.

Ford's words and actions revealed his agreement to sell crack cocaine to the undercover officer. Therefore, we determine that a rational jury could infer Ford knew the baggy he placed in the vehicle contained crack cocaine. Specifically, the

6

jury could reasonably conclude that Ford telling the officer "I gotta (sic) grab it for you" evidenced a prior agreement between them. Ford's subsequent delivery of the cocaine also indicated the existence of an agreement and his knowledge of the baggy's contents. Finally, a rational jury could infer that the amount of money Ford accepted established his knowledge that the substance he delivered was crack cocaine.

Viewing the evidence in the light most favorable to the verdict and deferring to the jury's role of drawing reasonable inferences, we conclude that the evidence is legally sufficient to establish beyond a reasonable doubt that Ford knowingly delivered cocaine in an amount less than one gram. *See Brooks*, 323 S.W.3d at 895; *Hooper*, 214 S.W.3d at 13; *Clark v. State*, 777 S.W.2d 723, 724 (Tex. App.— Beaumont 1989, no writ) (holding appellant's conduct when delivering packages of cocaine wrapped in foil to an undercover officer was sufficient proof of his knowledge and that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt).

## Conclusion

The evidence was legally sufficient to establish beyond a reasonable doubt that Ford knowingly delivered cocaine in an amount of one gram or less. Therefore, we overrule Ford's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 6, 2019
Opinion Delivered July 10, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.